# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:18-cr-00240 |
| MARCELIUS DOMINIQUE RUSS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is Marcelius Dominique Russ's Supplemental Motion for Compassionate Release (Doc. No. 57). He argues that his history of upper respiratory infections and anxiety, when combined with having tested positive for COVID-19, are serious physical or medical conditions that justify his early release from custody. (Id. at 7). The Motion is ripe for decision.

In March, Mr. Russ was sentenced to 72-months imprisonment after pleaing guilty to being a felon in possession of a firearm. (Doc. No. 51). He was remanded to Bureau of Prisons ("BOP") custody but awaits a final facility designation (Doc. No. 71). The Government waives exhaustion under 18 U.S.C. § 3582(c)(1) because Russ "is still deemed to be in transit to a final prison facility." (Doc. No. 73); United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020) (holding that the exhaustion requirement is a mandatory claim-processing rule that may be waived).

On July 6, 2020, Mr. Russ tested positive for COVID-19 and was put into isolation. (Doc. No. 65 at 23). He was prescribed Tylenol and another medicine for his COVID-19 illness. (Id. at 4). Over the next several days, July 7 through July 13, his symptoms subsided. He was asymptomatic each day and told medical staff that he "fe[lt] good" with "no complaints." (Id. at 9–11, 17–19, 21, 23, 25).

The Court is authorized to grant compassionate release to a defendant with a "serious physical or medical condition" that substantially diminishes the inmate's ability to provide self-care in prison. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 n.1(A)(ii), which is typically indicated by a chronic medical condition that increases the risk for serious illness from COVID-19.

Mr. Russ asserts that his history of upper respiratory infections, caused by childhood asthma, is a serious physical or medical condition. (Doc. No. 57 at 3, 7). However, there is no medical verification of asthma or other upper respiratory infections. He did not report any such health conditions prior to sentencing or while in custody. (Doc. No. 65-1 at 35). On July 13, 2020, the most recent date of the medical records provided, his lungs were clear. (Id. at 7). Additionally, he has recovered from COVID-19 after experiencing an asymptomatic, or at worst mild, course of illness. (Doc. No. 71). As of July 7, 2020, he reported "no complaints" and that he "fe[lt] good" on July 8 through July 13, 2020, when Mr. Russ told the nurse that he was ready to be discharged from isolation. (Doc. No. 65-1 at 7, 9–11, 14, 16–19). While his anxiety is supported in the Presentence Investigation Report, there is no medical documentation that his anxiety is chronic or uncontrolled to qualify as a serious physical or medical condition. (Presentence Investigation Report ¶ 48); see United States v. Schamante, No. 13-CR-20764, 2020 WL 4366066, at *4 (E.D. Mich. July 30, 2020) (denying compassionate release and noting that anxiety that is "controlled by . . . counseling . . . d[id] not constitute [a] significant risk factor); United States v. Carter, ___ F. Supp. 3d ___, 2020 WL 3458598, at *5 (S.D. W.Va. June 25, 2020) (finding that "general anxiety and legitimate fear caused by this public health crisis" alone were not extraordinary and compelling reasons for compassionate release).

2

Case 3:18-cr-00240   Document 74   Filed 10/15/20   Page 2 of 3 PageID #: 329

Mr. Russ also expressed concern over the indeterminate number of COVID-19 cases at the Tallahatchie County Correctional Facility, but as of September 15, 2020, he was transferred to another facility (Doc. No. 71). Now that he has been transferred his reliance on the conditions at Tallahatchie is moot.

The Court finds that Mr. Russ has not shown that he has a serious physical or medical condition and does not have extraordinary and compelling reasons for compassionate release. Additionally, the Court sentenced Mr. Russ on March 5, 2020. The sentencing factors in 18 U.S.C. § 3553(a) that supported his incarceration have not changed in the intervening seven months and do not support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE