UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-cr-00240 |
| | ) |
| MARCELIUS DOMINIQUE RUSS | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

The Joint Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) seeks to reduce Marcelius Russ' sentence from 72 months to 70 months. (Doc. No. 82). Russ seeks this reduction due to the United States Sentencing Commission's Amendment 821, Subpart A that retroactively reduces status points for defendants who have 7 or more criminal history points.

I. FACTUAL BACKGROUND

Russ pled guilty to being a felon in possession of a firearms, in violation of 18 § U.S.C. 922(g)(1). At the time of sentencing, Russ had six criminal history points and received two additional criminal history points because he committed the instant offense while under a criminal justice sentence, which resulted in a total of eight criminal history points and a criminal history category of IV. A total offense level of 25 and a criminal history category of IV resulted in a guideline range of 84 to 105 months' imprisonment. The Court sentenced him to a below-guidelines term of 72 months.

1

## II. STANDARD OF REVIEW

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." Freeman v. United States, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" United States v. Riley, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." Id. (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" United States v. Thompson, 714 F.3d 946, 949 (6th Cir. 2013) (quoting Dillon v. United States, 560 U.S. 817, 826 (2010)). Section 1B1.10 recommends that the Court consider any danger to the public created by any reduction in a Defendant's sentencing, §1B1.10 cmt.n.1(B)(ii), as well as Defendant's post-sentencing conduct. Id. at n.1(B)(iii). The Court cannot reduce a Defendant's term of imprisonment to a term less than

2

the amended guideline, § 1B1.10(b)(2)(A), (C), unless the Defendant's original sentence was below guidelines due to Defendant's substandard assistance to law enforcement as reflected in a government motion for such a reduction.  Id.

### III. ANALYSIS

Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence.  Id.  Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence.  Id.  Now, section 4A1.1(e) provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  Id.  A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1.  Id.

Applying the first step, the Supplemental PSR concludes that Mr. Russ' criminal history points decrease from eight to six, which places him in Criminal History III.  A total offense level of 25 and a criminal history category of III results in an amended guideline range of 70 to 87 months, which is lower than his previous guideline range of 84 to 105 months.

Although it appears that Mr. Russ is eligible for a sentence reduction, when he entered a plea of guilty, he waived relief under 18 U.S.C. § 3582(c)(2). (Doc. No. 84).  However, for non-substantive reasons, the government will not enforce Mr. Russ' waiver under 18 U.S.C. § 3582(c)(2).  (Id.).  The government joins Mr. Russ' request for a sentence of 70 months.

3

Now, the Court turns to the second step, whether the § 3553(a) factors support a reduction of his sentence. The Court determines that factors like the ones that applied at defendant's initial sentencing also apply at this time. When considering Russ' personal history, the Court recognizes that Russ had a difficult childhood and was very young when he committed the crimes. He was primarily raised by his mother and grandmother while his dad served a life sentence and was exposed to marijuana at the age of fourteen. At times, Russ had to transition between homes when his caregivers experienced financial hardships. The Court is pleased with Russ' post-incarceration conduct as he has not incurred any disciplinary actions since he has been in custody. In fact, Russ has taken advantage of his time by enrolling in several courses, such as drawing, mathematics, resume writing, medical awareness, history, and parenting.

The Court finds that a reduction from a 72-month sentence to a 70-month sentence satisfies the purposes set forth in 18 § U.S.C. 3553(a), while being no lower than necessary to achieve those purposes. A 70-month sentence balances the nature of the crime and the mitigating nature of Russ' personal history and youth. The sentence is sufficient but is not greater than necessary to serve the purposes of § 3553(a) as it still reflects the seriousness of the offense and promotes respect for the law.

## IV. CONCLUSION

The Joint Motion is **GRANTED** and effective February 1, 2024, Mr. Russ' sentence is 70 months.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE